# EXHIBIT D

11/29/2016 3:52:06 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14008867
By: Bonisha Evans
Filed: 11/29/2016 3:52:06 PM

**2016-82191 / Court: 151**

CAUSE NO. _____

| | | |
|---|---|---|
| **ERICA FULTON** | § | IN THE DISTRICT COURT |
| **PLAINTIFF,** | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| **UNITED AIRLINES, INC., HOUSTON AIRPORT SYSTEM, HOUSTON INTERCONTINENTAL AIRPORT, JOHN DOE AND AIR SERV CORPORATION,** | § | |
| **DEFENDANTS.** | § | ___ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, ERICA FULTON, Plaintiff (hereinafter "Plaintiff") and files her Original Petition, Demand for Jury Trial, Request for Disclosure and First Request for Production of Documents to Defendants, UNITED AIRLINES, INC., ("United"), AIR SERV CORPORATION ("Air Serv"), HOUSTON AIRPORT SYSTEM ("HAS"), JOHN DOE and HOUSTON INTERCONTINENTAL AIRPORT ("Airport") (collectively "Defendants") and respectfully shows as follows.

**I.**

**DISCOVERY CONTROL PLAN**

1.1   Plaintiff pleads for discovery control plan under Level 2 of Texas Rule of Procedure 190.4.

## II.

## PARTIES

2.1 Plaintiff, ERICA FULTON, is an individual residing in St. Petersburg, Pinellas County, Florida.

2.2 Defendant, UNITED AIRLINES, INC. is a foreign corporation authorized to do business and has its principal place of business in Harris County, Texas. This Defendant may and be served through its registered agent C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.3 Defendant, AIR SERV CORPORATION, is a foreign corporation authorized to do business in Harris County, Texas and can be served through its registered agent C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

2.4 Defendant, GEORGE BUSH INTERCONTINENTAL AIRPORT, is a governmental entity with its seat of government in the State of Texas. It may be served with process through Carl Newman, Acting Airport Manager at 2800 North Terminal Road, Houston, Texas 77032.

2.5 Defendant, HOUSTON AIRPORT SYSTEM, is a governmental entity with its seat of government in the State of Texas. It may be served with process through Mario C. Diaz, Director of Aviation, 16930 JFK Boulevard, Houston, Texas 77032.

2.6 Defendant, JOHN DOE, is an unidentified AIR SERV employee residing in Harris County, Texas and may be served at their last known abode.

## III.

## VENUE AND JURISDICTION

3.1   Venue for this case is proper in Harris County, Texas, pursuant to §15.002(a)(1) of the Texas Civil Practice and Remedies Code in that Harris County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred. Venue is also proper because one or more of the Defendants resides in Harris County. The Court has subject matter jurisdiction over this civil action because Plaintiff seeks damages in an amount exceeding the Court's minimum jurisdictional limits.

## IV.

## FACTS

4.1   On or about September 4, 2016, Plaintiff sustained serious and permanent injuries when employees or agents of the Defendants dropped Plaintiff while attempting to transfer her from her wheelchair to her assigned seat on a United Airlines flight. On the day in question, Plaintiff was traveling on United Airlines from Tampa Bay, Florida to Austin, Texas with a layover in Houston. The force of the impact from being dropped caused Plaintiff to sustain serious injuries that have required extensive medical treatment to her neck and shoulder. These severe injuries will require surgery and medical treatment into the future.

## V.

## NEGLIGENCE

5.1   The acts and omission of the Defendants as described above constitute negligence. The Defendants owed Plaintiff a duty of reasonable care. The Defendants failed to exercise reasonable care and such failure proximately caused the occurrence in question in one or more of the following non-exclusive manners:

    a. Failure to exercise ordinary care in hiring employees;

    b. Failure to exercise ordinary care in training employees;

    c. Failure to exercise ordinary care in supervising its employees;

    d. Failure to exercise reasonable care to avoid a foreseeable risk of injury to others;

    e. Failure to use ordinary care in transporting Plaintiff to her connecting gate;

    f. Failure to exercise ordinary care in transferring/moving Plaintiff from a wheelchair into a seat on her flight;

    g. Failing to render aid;

    h. Failure to provide safe equipment; and

    i. Failure to provide safe premises or warn business invitees of known hazard.

Defendants' breach of duty proximately caused injury and damages to Plaintiff are within the jurisdictional limits of the Court.

## VI.

## RESPONDEAT SUPERIOR

6.1    At all times relevant to this cause, Defendants' employees were acting in the course and scope of their employment for the Defendants and in furtherance of their employers' business objectives. Therefore, Defendants are responsible through the doctrine of *respondeat superior*.

6.2    Plaintiff would show that the Defendants were negligent through acts and omissions, by and through its agents, servants, and/or employees, acting in the course and scope of their respective employments, individually, and/or collectively.

## VII.

## COMMON CARRIER

7.1  Defendant, United is a common carrier and carriers are required to exercise the highest degree of care and diligence in the safety of their passengers and/or cargo.

## VIII.

## DAMAGES

8.1  As a proximate result of Defendants' negligence, Plaintiff suffered physical injuries. As a result of these injuries, Plaintiff suffered the following damages:

    a. Physical pain and mental anguish in the past and future;

    b. Physical impairment in the past and future;

    c. Medical care in the past and future; and

    d. Physical disfigurement in the past and future.

8.2  Pursuant to Texas Rules of Civil Procedure 47(c), at this time Plaintiff seeks monetary relief exceeding $1,000,000.00. Plaintiff reserves the right to amend this declaration as the facts of this case are more thoroughly discovered.

## IX.

## REQUEST FOR DISCLOSURE

9.1  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## X.

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

10.1  Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests from Defendants, production of the following within fifty (50) days of service of the Plaintiff's Original Petition:

1. A true and correct copy of Plaintiff's September 4, 2016 ticket itinerary/confirmation number K1QT1N, including flight details, special requests/needs and any request for wheelchair assistance.

2. A true and correct copy of the contract between United and Air Serv, or any other entity including the City of Houston, Texas and Air Serv detailing Air Serv's duties under the same to transport United passengers by wheelchair at George Bush Intercontinental Airport in Houston for the time period which would include September 4, 2016.

3. A true and correct of any and all policies, procedures and handbooks that were in place for United and Air Serv that address special requests/needs, specifically wheelchair assistance, for the time period which would include September 4, 2016.

4. Any and all incident reports for this occurrence.

5. Any and all witness statements concerning this incident, including any from Plaintiff, the employee who dropped Plaintiff, and any Defendants' personnel.

6. Flight manifest showing all individual passengers and United Airlines crew on flight.

7. The name, address and telephones number of the Air Serv employee(s) or agent who was responsible for transporting and transferring Plaintiff into her seat.

## XI.

## JURY DEMAND

11.1   Plaintiff demands a jury for all issues presented here in and the appropriate jury fee has been paid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Erica Fulton, prays that citations be issued and served upon Defendants in the form and manner prescribed by law, requiring that Defendants appear and answer herein and that upon final hearing hereon, Plaintiff had judgment against Defendants for the following:

   a. Actual damages;
   b. Prejudgment and post judgment interest;
   c. Court costs; and
   d. All other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**ROBERTS MARKLAND LLP**

*/s/ Sean A. Roberts*

_____
SEAN A. ROBERTS
State Bar No. 00797328
R. CLIVE MARKLAND
State Bar No. 24027475
ANJALI SHARMA
State Bar No. 24094403
2555 North MacGregor, Suite 200
Houston, Texas 77004
 (713) 630-0900 (Telephone)
 (713) 630-0991 (Fax)
cm@robertsmarkland.com
as@robertsmarkland.com

**ATTORNEYS FOR PLAINTIFF**