# EXHIBIT I

12/22/2016 3:57:35 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14433782
By: JIMMY RODRIGUEZ
Filed: 12/22/2016 3:57:35 PM

CAUSE NO. 2016-82191

| | | |
|---|---|---|
| ERICA FULTON<br>Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| vs. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| UNITED AIRLINES, INC., HOUSTON AIRPORT SYSTEM, HOUSTON INTERCONTINENTAIRPORT, JOHN DOE, AND AIR SERV CORPORATION<br>Defendant. | § § § § § § | 151th DISTRICT COURT |

### DEFENDANT AIR SERV CORPORATION'S ANSWER TO PLAINTIFF'S ORIGINIAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, Air Serv Corporation (hereinafter "Defendant"), and in response to Plaintiff's Original Petition, reserves the right to file other and further exceptions, denials and affirmative defenses, files this Answer. In support, thereof, Defendant would respectfully show unto the Court as follows:

### I. ANSWER

#### A. General Denial

1. Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendant generally denies the allegations in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

#### B. Affirmative Defenses

2. Defendant avers that the Plaintiff's Original Petition fails to state a claim or cause of action against Defendant upon which relief can be granted.

3. Defendant alleges that if Plaintiff was injured as alleged, such injury was the proximate result, in whole or in part, of Plaintiff's own contributing negligence and any damages to which Plaintiff is entitled should be reduced in an amount proportionate to the extent that Plaintiff's negligence contributed to same.

4. Defendant alleges that if Plaintiff was injured as alleged, then said injuries were proximately caused by, or contributed to by, risks assumed by Plaintiff or open and obvious conditions.

5. Defendant alleges that the physical condition of which Plaintiff complains is due, in whole or in part, to prior occurring injuries or illnesses or subsequent occurring injuries or illnesses to Plaintiff, or to natural causes and diseases, all unrelated to the alleged incident made the basis of Plaintiff's suit herein.

6. Defendant alleges that the Plaintiff's damages, if any, were caused in whole or part by the negligence of third parties or persons for whom this Defendant is not legally responsible.

7. Defendant denies anyone for whom it may be responsible was guilty of any negligence, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question.

8. Defendant alleges that the Plaintiff's accident was the result of a superseding and/or intervening cause or causes thereby precluding Plaintiff from recovering any damages against Defendant herein.

9. Pleading further and in the alternative, in the event liability is found on the part of the Defendant, which is at all times is denied, Defendant avers that it would be entitled to a credit for the amounts of all compensation, medical expenses, benefits, supplemental payments and advances, paid to and/or on behalf of the Plaintiff.

10. Defendant contends, without waiving the foregoing, that Plaintiff's recovery, if any, of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the Plaintiff, pursuant to Texas Civil Practice & Remedies Code §41.0105.

11. Pleading further and in the alternative, without waiving the foregoing, Defendant invokes the doctrine of proportionate responsibility. Accordingly, while Defendant denies any liability herein, Defendant requests that the trier of fact compare the relative percentages of fault of the Plaintiff, Defendant, settling person, and/or any other responsible third party or parties, if any, pursuant to the doctrine of proportionate responsibility as set forth in Tex. Civ. Practice & Remedies Code §33.001, *et seq.*

## II. REQUEST FOR DISCLOSURE

Pursuant to Rule 194, Plaintiff is requested to disclose, within thirty (30) days of service of this request, the information or material described in TEX. R. CIV. P. 194.2(A)-(L).

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Air Serv Corporation, respectfully requests that that Plaintiff takes nothing by its Original Petition, that Defendant recovers costs, and are granted such other and further relief to which he may show to be justly entitled.

Respectfully submitted,

ROSE LAW GROUP PLLC

  /s/ Marc Michael Rose
Marc Michael Rose, TX Bar No. 24098350
777 Main Street, Suite 600
Ft. Worth, Texas 77024
Tel.: (817) 887-8118 | Fax: (817) 887-8001
**COUNSEL FOR DEFENDANT**
**AIR SERV CORPORATION**

## CERTIFICATE OF SERVICE

This is to certify that on December 22, 2016, a true and correct copy of the foregoing document was served by electronic service on:

Sean A. Roberts
R. Clive Markland
Anjali Sharma
ROBERTS MARKLAND LLP
2555 North MacGregor, Suite 200
Houston, TX 77004
Telephone: (713) 630-0900
Facsimile: (713) 630-0991
E-mail: cm@robertsmarkland.com
       as@robertsmarkland.com
**COUNSEL FOR PLAINTIFF**

Ronald C. Lewis, City Attorney
Judith L. Ramsey, Chief, General Litigation Section
L.A. Teehan, Senior Assistant City Attorney
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, TX 77002
Telephone: (832) 393-6467
Facsimile: (832) 393-6259
E-mail: annie.teehan@houstontx.gov
**COUNSEL FOR DEFENDANTS**
**HOUSTON AIRPORT SYSTEM and**
**HOUSTON INTERCONTENTIAL AIRPORT**

                                            */s/ Marc Michael Rose*
                                            Marc Michael Rose