IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICA FULTON,<br>　　Plaintiff, | §<br>§<br>§ | |
| | § | C.A. NO. 4:17-cv-00528 |
| vs. | §<br>§ | |
| | § | |
| UNITED AIRLINES, INC., AIR<br>SERV CORPORATION, AND JOHN<br>DOE<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | |

## JURY INSTRUCTIONS

1

MEMBERS OF THE JURY:

I.  **General Instructions**

A. **Introduction**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

2

### B. Burden of Proof

Plaintiff Erica Fulton has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Erica Fulton has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

### C. Calling Witnesses

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### D. Objections and ruling of the Court

During the course of the trial, you may have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against an attorney or the attorney's client because that attorney has made an objection.

If I overruled an objection and permitted evidence to be admitted over the

objection, my ruling on any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence.

If I sustained an objection to a question to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

### E. Witness Testimony

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider

4

whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinions on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

### F. Consideration of Evidence

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony, exhibits, stipulated facts, and judicially noticed facts as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been

5

established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

### G. Juror Notes

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

6

## II. Instructions on Deliberations

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinions and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

As judges of the facts, you must decide this case based solely on evidence presented here within the four walls of this courtroom. This means that during deliberations you must not conduct any independent research about the case, the topics involved in the case, or the individuals or corporations mentioned. In other words, you are prohibited from consulting dictionaries or reference materials; searching the internet, web sites, or blogs; or using any other electronic tools to obtain information to help you decide the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any

7

electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry, or computer. You may not use the internet, or internet service, or any text or instant messaging service, nor communicate or use in any way any internet chat room, blog, or website such as Facebook, Myspace, LinkedIn, YouTube, Instagram, Snapchat, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside this courtroom. Otherwise, your decision may be based on information known only by

you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you, as well as, exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you may, but are not required to, talk with anyone about the case unless the court orders otherwise.

Signed at Houston, Texas on January 18, 2019.

_____
David Hittner
United States District Judge

10

## DEFINITIONS AND INSTRUCTIONS

"**Negligence**" when used with respect to the conduct of United Airlines means failure to use a high degree of care, that is, failing to do that which a very cautious, and prudent person would have done under the same or similar circumstances or doing that which a very cautious, competent, and prudent person would not have done under the same or similar circumstances.

"**High degree of care**" means that degree of care that would have been used by a very cautious, competent, and prudent person under the same or similar circumstances.

"**Negligence**" when used with respect to the conduct of Air Serv, John Doe or Erica Fulton means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**Ordinary care**" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"**Proximate cause**" means a cause that was a substantial factor in bringing about an injury, and without which cause such injury would not have occurred. In order to be a proximate cause, the act or omission complained of must be such

11

that a person using a high degree of care or ordinary care would have foreseen that the injury, or some similar injury, might reasonably result therefrom. There may be more than one proximate cause of an injury.

**QUESTION 1:**

Did the negligence, if any, of those named below proximately cause Plaintiff Erica Fulton's injury?

Answer "Yes" or "No" as to each:

| | |
|---|---|
| United Airlines, Inc. | YES |
| Air Serv Corporation | YES |
| John Doe | YES |
| Erica Fulton | NO |

If you answered "Yes" to Question 1 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the injury. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

**QUESTION 2:**

For each person you found caused or contributed to cause the occurrences, find the percentage of responsibility attributable to each.

| | |
|---|---|
| United Airlines, Inc. | 50 % |
| Air Serv Corporation | 40 % |
| John Doe | 10 % |
| Erica Fulton | 0 % |
| Total: | 100 % |

Answer Question 3 if you answered "Yes" for United Airlines, Air Serv or John Doe to Question 1, ~~and answered:~~

Otherwise, do not answer Question 3.

**QUESTION 3:**

What sum of money, if paid now in cash would fairly and reasonably compensate Erica Fulton for her injuries, if any, that resulted from the occurrence in question?

Answer in dollar and cents for damages, if any, that were sustained in the past and that in reasonable probability will be sustained in the future.

1. Physical pain and mental anguish sustained in the past.

ANSWER:     $ 2,000,000.00

2. Physical pain and mental anguish that, in reasonable probability, Erica Fulton will sustain in the future.

ANSWER:     $ 1,000,000.00

3. Disfigurement sustained in the past.

ANSWER:     $ 50,000.00

4. Disfigurement that, in reasonable probability, Erica Fulton will sustain in the future.

ANSWER:     $ 0.00

5. Physical impairment sustained in the past.

ANSWER:     $ 225,000.00

15

6 ~~8~~. Physical impairment that, in reasonable probability, Erica Fulton will sustain in the future.

ANSWER: $ 300,000.00

7 ~~6~~. Medical care expenses incurred in the past.

ANSWER: $ 100,000.00

8 ~~7~~. Medical care expenses that, in reasonable probability, Erica Fulton will incur in the future.

ANSWER: $ 130,000.00

16

## **VERDICT CERTIFICATE**

We the jury return the foregoing as our unanimous verdict.

Signed at Houston, Texas on January **22** 2019.